J. M. LEWIS, ET AL., *v.* WILLIAM RICHARDS, ET AL.

**Attachment—Levy—Lien—Purchaser.**

If a lien is created by a writ of attachment such lien is lost when returned by the sheriff without a levy.

**Purchaser.**

A debtor may lawfully sell his property and a purchaser may buy it before any levy is made on it or has attached to it, and if the sale is in good faith for a valuable consideration it will be upheld even though the purchaser and seller knew there were creditors seeking to collect their claims.

APPEAL FROM ROWAN CIRCUIT COURT.

November 7, 1874.

OPINION BY JUDGE PRYOR:

The lien, if any, created by the attachment, was lost when returned by the sheriff. It never was levied on any property, and the return made by the sheriff is that it was executed on H. B. Myers. This constitutes no levy, and the lien, when the attachment was returned, ceased to exist. Nor was there any attachment or garnishee issued on the amended petition, and if there had been, the equity of Lewis was superior to that of appellee, for the reason that the latter had already purchased and paid Myers for his interest in the land. There is no such evidence in the record that would authorize the conclusion that Lewis and Myers had combined to defraud Richards Lewis. He may have known of the efforts on the part of Richards to make his debt, still this did not preclude Lewis from making his or purchasing

14

Myers's interest in the property. Richards had no lien on it, or any right to it superior to any or of the other creditors. The judgment of the court below is *reversed,* and the cause remanded with directions to dismiss appellees' petition as against both the appellants.

*Reid & Stone, for appellants.*
*Nesbitt & Gudgell, for appellees.*